UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| TERRI LYNN MOORE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6: 07-290-DCR |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| TERRY LLOYD BREWER, et al., ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the Defendants' Motion to Dismiss Official Capacity Claims [Record No. 3]. The motion has been fully briefed and is ripe for decision. Having considered the authorities cited by the parties, the Court is convinced that the Plaintiff may not proceed on these claims because they are barred by virtue of Eleventh Amendment immunity. Accordingly, the claims asserted against the individual Defendants in their official capacities will be dismissed. In addition the claims against the Kentucky State Police are also barred by the Eleventh Amendment to the United States Constitution and will be dismissed.

**I.     Relevant Facts**

The genesis of this action is a domestic dispute occurring on or about August 5, 2006, and involving Plaintiff Terri Lynn Moore ("Moore") and her husband, Kentucky State Police officer Terry Lloyd Brewer ("Brewer"). As a result of the incident and the follow-up investigation conducted by various Kentucky State Police officers, Moore filed suit in the Perry Circuit Court on August 3, 2007.

Through her Complaint, Moore seeks monetary damages for the assault and false imprisonment allegedly committed by Brewer (Counts One and Five) and for outrageous conduct committed by all Defendants (Count Two). In Count Three, Moore asserts that Defendants Brewer, Banks, and others committed the tort of abuse of process by having an emergency protective order issued against her. And in Count Four, Moore claims that all Defendants failed to follow KSP's administrative procedures and applicable regulations, resulting in damage to her.

The Kentucky State Police has not been properly named or joined as a defendant in this action. However, in Count Seven, Moore claims that, because all individually-named Defendants were acting in the course their employment at times relevant to this action, "the Kentucky State Police is liable for the actions and inactions of the individual Defendants by virtue of the doctrine of respondeat superior." [Record No. 1; attached Complaint, pp. 5-6] Finally, in Count Eight, Moore contends that the named Defendants have violated her rights under 42 U.S.C. § 1983 and the equal protection clause of the Fourteenth Amendment to the United States Constitution as a result of the KSP's policy of "treating spouses of Kentucky State Police officers differently than others who suffer domestic violence . . ." [Record No. 1; attached Complaint, p. 6]

## II.     The Defendants' Motion to Dismiss

On August 16, 2007, the Defendants removed the action to this Court. [Record No. 1] On the same date, the individual Defendants moved to dismiss the claims asserted against them in their official capacities while the Kentucky State Police moved to dismiss the claim purportedly asserted against it based on respondeat superior. [Record No. 3] In support of their motion, the Defendants assert that, absent consent, state entities possess Eleventh Amendment immunity from actions asserting a violation of federal civil rights. *Will v. Michigan Department of State Police*, 491 U.S.

58 (1989).  Further, because the KSP is an arm of the executive branch of the Commonwealth of Kentucky, such immunity is afforded to it.  Likewise, the individual Defendants assert that they are entitled to the same Eleventh Amendment protection for the federal claims asserted against them in their official capacities.  *See Turker v. Ohio Dept. Of Rehabilitation and Corrections*, 157 F.3d 453, 456 (6th Cir. 1998) (under the Eleventh Amendment, a plaintiff cannot sue state employees in their official capacities for monetary damages), and *Wells v. Brown*, 891 F.2d 591, 592 (6th Cir. 1990) (same).

In her response [Record No. 6], Moore first argues that the motion is premature and should be denied because she has not been given the opportunity to conduct discovery concerning her claims in an effort to determine whether the actions of the individual Defendants were ministerial or discretionary acts as outlined in *Yanero v. Davis*, 65 S.W.3d 510 (Ky. 2001).  Next, she asserts that under the Supreme Court's holding in *Monell v. Department of Social Services*, 436 U.S. 658 (1958), liability may be established via formal or informal policies or practices.  Here, she contends that the Defendants are liable as a result of the policy or custom of the Kentucky State Police and its officers of failing to investigate and take appropriate disciplinary action in connection with complaints of domestic violence by its officers.

**III.    Legal Analysis**

The Defendants' motion to dismiss is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which allows a defendant to move for dismissal of a complaint if it fails to state a claim upon which relief can be granted.  When analyzing the sufficiency of a complaint, the Court applies the principle that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996). Further, courts must "construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Lillard*, 76 F.3d at 724 (quoting *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994)).

While a complaint need not specify every detail of a plaintiff's claim, it must give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Gazette*, 41 F.3d at 1064. Although liberal, this standard of review does require more than the bare assertion of legal conclusions. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted). A complaint must contain either direct or inferential allegations with respect to all the material elements necessary to sustain a recovery under some viable legal theory. *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2000) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). Motions to dismiss are based on allegations contained in the relevant pleadings as opposed to facts developed in discovery. Therefore, contrary to the Plaintiff's arguments, the Defendants' motion is not premature.

The Plaintiff's remaining arguments are equally flawed. As the Defendants have correctly noted in their reply, questions of whether the Defendants' actions were ministerial or discretionary may be applicable to the remaining claims asserted against them. However, this issue is not relevant when considering claims asserted against the Defendants in their official capacities are barred by the Eleventh Amendment. In the circumstances presented here, the individuals are entitled to the same immunity as is afforded to the state agency or entity. *Autry v. Western Kentucky University*, 219 S.W.3d 713, 718 (Ky. 2007).

Finally, neither *Monell, supra*, nor the other cases cited by Moore support her position. These cases address the issue of *municipal* liability and, as the Defendants correctly note, the holding of *Monell* and its progeny have not been extended to state agencies such as the Kentucky State Police.  *Quern v. Jordan*, 440 U.S. 332, 338 (1979) (*Monell* is "limited to local government units which are not considered part of the State for Eleventh Amendment purposes . . .").

**IV.   Conclusion**

Based on the foregoing discussion, it is hereby

**ORDERED** that the Defendants' Motion to Dismiss Official Capacity Claims [Record No. 3] is **GRANTED**.  The claims asserted by Plaintiff Terri Lynn Moore against the individual Defendants in their official capacities as well as the claims asserted against the Kentucky State Police for respondeat superior liability arising from the claims asserted against the individual Defendants are **DISMISSED**, with prejudice.

This 10th day of October, 2007.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge