UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| TERRI LYNN MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 07-290-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| TERRY LLOYD BREWER, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Terri Lynn Moore ("Moore") filed this action against her former husband and Kentucky State Police Officer, Terry Lloyd Brewer ("Brewer"), and others as a result of a domestic incident occurring on or about August 5, 2006.  Following removal to this Court, Brewer filed an Answer and Counterclaim against Moore. [Record No. 5]  The matter is currently pending for consideration of Brewer's motion for default judgment based on Moore's failure to respond to his Counterclaim within the time permitted by the Federal Rules of Civil Procedure.  Because Moore has shown excusable neglect for her failure to file a response to the Counterclaim, and because it does not appear that Brewer has suffered prejudice as a result of Moore's tardy actions, the Court will deny Brewer's motion.

I.      **Procedural History**

Moore filed this action on August 3, 2007, seeking damages from Brewer and other Kentucky State Police officers based on claims of assault, false imprisonment, outrageous conduct, abuse of process, and failure to follow administrative procedures. [Record No. 1;

attached Complaint]  Brewer filed an Answer and Counterclaim on August 29, 2007. [Record No. 5]  With the exception of Brewer, the remaining Defendants moved the Court to dismiss the claims asserted against them in their official capacities[1] under theories of governmental and sovereign immunity.  By Order dated October 10, 2007, the Court granted the Defendants' motion and dismissed the official capacity claims asserted against all defendants except Brewer.

On November 7, 2007, Brewer moved the Court for entry of a default judgment because Moore failed to file a reply to his Counterclaim within the time permitted by Rule 12(a)(2), Fed. R. Civ. P. [Record No. 9]  However, because Brewer failed to obtain an entry of default from the Clerk of the Court prior to seeking a default judgment, , his initial motion was denied. [Record No. 10] Brewer corrected this deficiency by obtaining an entry of default from the Clerk on November 8, 2007. [Record No. 12]  Thereafter, he renewed his motion for a default judgment in accordance with Rule 55(b), Fed. R. Civ. P.

Moore responded to Brewer's present motion on November 12, 2007.  In relevant part, she contends that a default judgment should not be entered because, while no reply was actually filed in a timely manner, this failure was the result of an error on the part of her attorney.  She further asserts that, while a reply was not filed, a copy was actually served on opposing counsel.[2] In addition, Moore's attorney avers that a meritorious defense exists to the Counterclaim, as indicated by the allegations contained in the Complaint.

---

[1]     Although there appears to be some confusion concerning whether Moore has asserted a claim against the Kentucky State Police, the Court previously concluded that such claims would be barred . [Record No. 8]

[2]     Moore's counsel concedes that she does not know whether opposing counsel actually received the Reply to the Counterclaim.

## II.      Legal Analysis

Unlike the more stringent requirements of Rule 60(b) which applies to final judgments, Rule 55(c) of the Federal Rules of Civil Procedure provides that an entry of default may be set aside "for good cause shown."  In considering whether relief from a default should be granted, the Court should consider:  (1) whether the plaintiff will be prejudiced from re-opening the case; (2) whether the defendant has a meritorious defense; and (3) whether the defendant's culpable conduct led to the default.  *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990); *United Coin Meter Co. v. Seaboard Coastline R. R.*, 705 F.2d 839, 845 (6th Cir. 1983); *Southern Electrical Health Fund v. Bedrock Svcs,* 2005 U.S. App. LEXIS 17819, **8 (6th Cir. 2005).  Mere carelessness is insufficient to establish "culpable conduct".  Instead, there must be an intent to thwart the judicial proceedings or a reckless disregard for the effect of the conduct on the proceedings.  *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194-95 (6th Cir. 1986) ("We do not believe it appropriate to attempt a precise definition of 'culpable conduct.'  Where the party in default satisfies the first two requirements for relief and moves promptly to set aside the default before a judgment is entered, the district court should grant the motion if the party offers a credible explanation for the delay that does not exhibit disregard for the judicial proceedings.").

### A.      Brewer Has Not Shown Prejudice As A Result of Moore's Failure To File A Timely Reply To His Counterclaim.

This matter was filed in the Perry Circuit Court on August 3, 2007.  Brewer's Counterclaim against Moore was filed on August 29, 2007.  On November 9, 2007, Moore filed the motion for default judgment that is currently pending.  Before the motion could be addressed

by the Court, Moore submitted a response to the motion and an "answer" to the Counterclaim. [Record No. 15] Brewer has not asserted that he has suffered any prejudice as a result to Moore's tardy filing. With respect to this factor, the Court also notes that delay alone is not sufficient to establish prejudice in this context. Instead, the plaintiff must show that the delay will result in a loss of evidence, increased difficulty in discovery, or greater opportunity for fraud and collusion. *See Berthelsen, supra,* at 621, citing *INVST Financial Group, supra. See also*, *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996). Again, such has not been demonstrated here.

        B.    <u>It Appears That Moore Has A Meritorious Defense To Brewer's Claims.</u>

In examining whether Moore has submitted a meritorious defense to the Counterclaim, the Court is cognizant that all ambiguous or disputed facts must be resolved in her favor. *INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 398 (6th Cir.), *cert. denied*, 484 U.S. 927 (1987). Further, the key to this inquiry is whether there is some possibility that the outcome of the suit, after a full trial, will be contrary to the result achieved by the default. *Id.* at 399.

While Moore contends that Brewer committed a number of torts against her, Brewer has asserted in his Counterclaim that she is guilty of similar acts. According to Brewer,

> On or about August 5, 2006, Brewer was at his home at his residence in Perry County, Kentucky, and was in the bed around 11:00 p.m. at or around which time Moore without consent or permission entered Brewer's residence and struck Brewer or otherwise placed Brewer in immediate fear and apprehension of unwarranted contact.

[Record No. 5; Counterclaim, Count 1] Brewer also claims that Moore's written correspondence with the internal affairs section of the Kentucky State Police constitutes a libel committed against him. [Record No. 5; Counterclaim, Count 3] These claims are in direct contravention to the factual assertions made in Moore's Complaint. According to Moore, on the date in question, Brewer physically and verbally abused her and refused to allow her to leave his home. And while she does not explain or attempt to outline the events leading up to the altercation, it is clear that the parties verison of events is disputed. Therefore, it appears that Moore has a meritorious defense to Brewer's claims.

C.   Moore's Failure To File A Timely Reply To The Counterclaim Cannot Be Deemed To Be "Culpable Conduct" Sufficient To Support A Default Judgment.

As noted above, mere carelessness is insufficient to establish "culpable conduct". Instead, there must be some indication of an intent to thwart the judicial proceedings or a reckless disregard for the effect of its conduct on the proceedings. Here, while counsel for Moore may have been negligent in failing to file the Reply to the Counterclaim, the Court cannot conclude that her conduct was undertaken to intentionally delay these proceedings or prejudice Brewer.[3]

**III.   Conclusion**

For the reasons discussed above, it is hereby

**ORDERED** as follows:

---

[3]   At this stage of the proceedings, discovery is premature. Therefore, Moore's Interrogatories and Document Requests will be stricken. Counsel are encouraged to review Rule 26(d).

1.      Defendant and Counterclaimant Terry Lloyd Brewer's Motion for Default Judgment [Record No. 13] is **DENIED**.

2.      The entry of default previously entered by the Clerk of the Court is **VACATED** and **SET ASIDE**.

3.      Any discovery requests previously served are **STRICKEN**.  A separate Order for Meeting and Report will be entered this date.

This 27th day of November, 2007.

Signed By:

_Danny C. Reeves_   DCR

United States District Judge

-6-